UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
        -against-                         :
                                          :
JACK FERRANTI,                            :     MEMORANDUM DECISION
                                          :          AND ORDER
                                          :
            Defendant.                    :     94 Crim. 53 (GBD)
                                          :
------------------------------------------x

GEORGE B. DANIELS, United States District Judge:

Petitioner Jack Ferranti served a fifteen-month sentence following a 1996 guilty plea to

possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (*See* Gov't Opp.

to Pet. ("Opp."), ECF No. 24, at 2.) On October 2, 2020, Petitioner filed the instant petition for a

writ of coram nobis, seeking to vacate his section 922(g)(1) conviction. (Pet. for Writ of Coram

Nobis ("Pet."), ECF No. 19.) Petitioner argues that (1) during his plea hearing, the district court

erred by failing to inform him that at trial the Government would have to prove he had knowledge

of his felony status,[1] and (2) if he had been properly instructed on the knowledge-of-status element,

"he would have most certainly proceeded to trial on the § 922(g)(1) charge." (*Id.* at 9–10.) Petitioner

further argues that "based on [his section] 922(g) conviction, the Bureau of Prisons . . . ha[s]

designated him as a violent offender." (*Id.* at 4.) The Government opposed the petition on December

---

[1] The Government notes that Petitioner misapprehends the knowledge requirement in his cited case, *Rehaif
v. United States*, 588 U.S. 225 (2019). (Opp. at 5.) Petitioner argues that he was not informed that "the
Government would have to prove beyond a reasonable doubt that he actually knew that he was prohibited
from possessing or owning a firearm." (Pet. at 9.) However, *Rehaif* requires courts to inform defendants that
the Government must prove he knew of his *status in a prohibited group* under section 922(g). *See Rehaif*,
588 U.S. at 237; FRCP Rule 11. This Court construes the petition as raising a *Rehaif* knowledge-of-status
challenge. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal citation
omitted) (holding that submissions by *pro se* litigants "must be construed liberally and interpreted to raise
the strongest arguments that they suggest.").

1, 2020.  (*See* Opp.)  On March 21, 2023, Petitioner filed his reply.  (*See* Reply to Response, ECF No. 31.)

Because Petitioner fails to provide sufficient factual or legal basis to warrant granting his petition and fails to explain his extensive delay in filing, this Court **DENIES** the petition to vacate his conviction.

## I.  BACKGROUND

In January 1982, Petitioner pleaded guilty in Bronx County Supreme Court to attempted criminal possession of a weapon in the third degree, in violation of New York Penal Law Section 110/265.02.  (Pre-Sentence Report ("PSR") ¶ 31.)  That crime was a Class E Felony, punishable by up to four years' imprisonment.  (*Id.* ¶ 6.)  On February 22, 1982, Petitioner was sentenced to five years' probation.  (*Id.*)  In 1985, his probation was revoked and the court sentenced Petitioner to four months' imprisonment.  (*Id.* ¶ 33.)  As a result of his 1982 felony conviction, federal law prohibits Petitioner from possessing a firearm.  *See* 18 U.S.C. § 922(g)(1).

On June 10, 1993, an undercover detective from the New York City Police Department found Petitioner in possession of a loaded .22 caliber revolver.[2]  (PSR ¶¶ 7–8.)  On February 3, 1994, Petitioner was charged in a one-count indictment in the Southern District of New York with possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  (*Id.* ¶

---

[2] Petitioner argues that the gun was "inoperable" and requests that this Court take judicial notice of certain FBI documents related to the investigation of the offense.  (*See* ECF No. 32.)  Judicial notice may be taken of "relevant matters of public record," *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012), such as "arrest reports, criminal complaints, indictments, and criminal disposition data."  *Wims v. New York City Police Dep't*, 10 Civ. 6128 (PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011).  However, where a "court takes judicial notice, it does so in order to determine what statements [the public records] contained [and] not for the truth of the matters asserted."  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks omitted).  Thus, while this Court may properly take notice of Petitioner's proffered documents, it does not prove the inoperability of the firearm.

1–2.)  Petitioner pleaded guilty to the section 922(g)(1) offense on July 11, 1996, pursuant to a written plea agreement.  (*Id.* ¶ 3.)  Petitioner argues that during his plea hearing, the court failed to inform him that at trial the Government would have to prove he had knowledge of his felony status. (Pet. at 8–9.)

On November 20, 1996, Petitioner was sentenced to 15 months' imprisonment and three years' supervised release for the section 922(g)(1) conviction.  (Am. J., ECF No. 16.)  Petitioner did not file a direct appeal or collaterally attack his conviction.  He has completed his term of imprisonment for the section 922(g)(1) conviction.

Petitioner remains in BOP custody, however, for a separate offense.  On March 3, 1995 in the Eastern District of New York, Petitioner was charged with arson homicide, arson conspiracy, 16 counts of mail fraud, and witness tampering.  *See United States v. Ferranti*, 95-CR-119 (RPK), Dkt. 5.  After being convicted on all counts, Petitioner was sentenced to 435 months' imprisonment and five years' supervised release.  *Id.*, Dkt. 339.  Petitioner is currently under the supervision of the BOP's New York Residential Reentry Management field office.  *See* BOP, Inmate Locator ("Inmate Locator"), available at https://www.bop.gov/inmateloc/ (last accessed August 26, 2025).  He is scheduled to be released on April 7, 2026.  *Id.*

## II. LEGAL STANDARD

"A *coram nobis* petition is a collateral proceeding through which a court may correct fundamental errors in a prior final judgment."  *Moskowitz v. United States*, 64 F. Supp. 3d 574, 577 (S.D.N.Y. 2014) (citing *United States v. Morgan*, 346 U.S. 502, 507–08 (1954)).  Federal courts may grant the common law writ of error coram nobis under the terms of the All Writs Act, 28 U.S.C. § 1651(a).  *See also Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998).  This remedy is available only in "extraordinary" cases that "compel[] its use 'to achieve justice.'"

*United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting *Morgan*, 346 U.S. at 511).

A petitioner seeking coram nobis relief must show that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from [his] conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996)).

### III. PETITIONER'S REQUEST FOR A WRIT OF CORAM NOBIS IS DENIED

Based on the standards set out in *Kovacs* and *Foont*, Petitioner does not establish that (1) the circumstances of this case are so compelling that justice requires granting his requested relief, (2) that his extreme delay in filing this petition is justified, or (3) that granting his petition would remedy any legal consequences of his conviction.

#### A. Petitioner Has Failed to Provide Sufficient Justification for the Extreme Delay in Filing His Petition for a Writ of Coram Nobis

A writ of coram nobis is "not subject to a specific statute of limitations." *Foont*, 93 F.3d at 79 (citation omitted). However, such relief "may be 'time barred if the petitioner cannot provide a justified reason for failure to seek appropriate relief at an earlier date.'" *See United States v. Hernandez*, 283 F. Supp. 3d 144, 153 (S.D.N.Y. 2018) (citation omitted); *see also Foont*, 93 F.3d at 80–81 (finding petition for writ of coram nobis to vacate five-year-old conviction untimely). In considering the timeliness of a petition for a writ of coram nobis, the "critical inquiry" is whether the petitioner can show "sound reasons" for his delay in filing after the time of his conviction or after the point at which he learned of the facts underlying the claim for coram nobis relief. *Foont*, 93 F.3d at 80.

"[C]ourts have applied the rules governing procedural defaults in the context of habeas petitions to coram nobis" in determining whether sound reasons exist for delay. *Barnetson v.*

4

*United States*, 12 CR 157 (KMW), 2016 WL 3023156, at *1 (S.D.N.Y. May 6, 2016); *see also United States v. Mandanici*, 205 F.3d 519, 527 (2d Cir. 2000) (explaining that "§ 2255 procedure often is applied by analogy in coram nobis cases"). Under these rules, a petitioner may be excused for his delay "only by showing either (1) 'cause' and 'actual prejudice,' or (2) that he is 'actually innocent.'" *Barnetson*, 2016 WL 3023156, at *1.

### 1. Cause and Prejudice

Under the cause-and-prejudice analysis, cause for delay may exist where a claim is "so novel that its legal basis [was] not reasonably available" sooner. *Reed v. Ross*, 468 U.S. 1, 16 (1984). A claim is considered "reasonably available" if it is being raised by litigants and addressed in courts. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (finding a claim "reasonably available" where "Federal Reporters were replete with cases involving" similar challenges to those raised by the petitioner).

Petitioner pleaded guilty to the section 922(g)(1) charge in July 1996 and was sentenced in November 1996. (*See* PSR ¶ 3; Am. J.) He did not challenge his conviction on direct appeal or through a habeas corpus petition. Petitioner now argues that he could not have challenged his conviction earlier because the Supreme Court's 2019 ruling in *Rehaif v. United States* provides the basis for his claim. (Pet. at 3.) *Rehaif* held that under section 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237.

Petitioner cannot show cause for the delay in bringing his claim. Courts in the Second Circuit have concluded that defendants convicted of violating section 922(g)(1) cannot show cause for failing to raise *Rehaif*-style challenges to those convictions on direct appeal, because the issue addressed in *Rehaif* was actively litigated across the country well before 2019. *See, e.g.*, *Waring v.*

5

*United States*, No. 17 CR. 50 (RMB), 2020 WL 898176, at *2 (S.D.N.Y. Feb. 25, 2020) (finding habeas corpus petitioner failed to show cause for not raising *Rehaif* challenge on direct appeal because the issue had been "percolating in the courts for years"); *Fleury v. United States*, No. 00CR076 (DLC), 2019 WL 6124486, at *3 (S.D.N.Y. Nov. 19, 2019) ("He does not explain what cause prevented him from raising his knowledge-of-status challenge on appeal.").

### 2. Actual Innocence

Petitioner also cannot show he is actually innocent of the section $922(g)(1)$ offense. To establish actual innocence, Petitioner must prove that "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995). As the Government argues, "[t]here is no plausible dispute that, in 1982, [Petitioner] was convicted of a felony—namely, attempted criminal possession of a weapon in the third degree—and that police found him in possession of a firearm after that conviction." (Opp. at 6.)

The only remaining inquiry is whether "it is more likely than not that no reasonable juror would have" concluded that Petitioner knew of his status as a felon when he possessed a firearm in 1993. *Schlup*, 513 U.S. at 327; (*see also* Opp. at 6.) Petitioner's 1982 conviction was punishable by up to four years in prison. (Opp. at 6.) "Given the rights to appointed counsel, effective assistance of counsel, and due process, it is highly improbable that a person could be convicted of a felony without being aware that his possible sentence would exceed one year's imprisonment." *See United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020).

Additionally, New York state law requires defendants to be apprised of the maximum possible penalty before accepting a guilty plea. *See People v. Buchanan*, 147 N.Y.S.3d 53, 55 (N.Y. App. Div. 2021) ("We have stated that defendants must . . . be made aware of the sentencing parameters so that they may assess the propriety of entering a plea of guilty") (internal citation

6

omitted) (collecting cases). The state law requirement further limits the possibility that Defendant was unaware of his status after pleading guilty in Bronx Supreme Court to a felony punishable by more than one year of imprisonment. *See United States v. Bryant*, 976 F.3d 165, 176–77 (2d Cir. 2020) (finding it unlikely that defendants would be unaware of possible sentences where state law requires the court to inform defendants before accepting a guilty plea).

Finally, Petitioner does not actually contend that he was unaware of his felony status. (Opp. at 8.) Based on the available evidence, Petitioner cannot establish that it is more likely than not that no reasonable juror would have concluded that he knew of his status as a felon at the time he possessed a firearm. As Petitioner cannot show cause and prejudice or actual innocence, his request for relief 24 years after his conviction is untimely.

## B. Petitioner Has Not Demonstrated That a Writ of Coram Nobis Could Remedy Any Continuing Legal Consequences

The Second Circuit has consistently held that in order to show entitlement to a writ of coram nobis, the petitioner must show that he "continues to suffer legal consequences" from the challenged conviction that "may be remedied by granting the writ." *Fleming*, 146 F.3d at 90. Petitioner claims that because of his section 922(g)(1) conviction, the BOP has designated him as a violent offender which makes him ineligible for certain programs. (Pet. at 4.) As the Government argues, Petitioner would still be classified as a violent offender even if his section 922(g)(1) conviction were vacated. (Opp. at 4.) Petitioner remains in BOP custody following his conviction in the Eastern District of New York for serious crimes, including arson homicide. (*Id.*) Arson homicide, in violation of 18 U.S.C. § 844(i), is an offense designated by the BOP as both a crime of violence and a "Greatest Severity" offense. *See* BOP, *Categorization of Offenses*, available at https://www.bop.gov/policy/progstat/5162_005.pdf; BOP, *Inmate Security Designation and Custody Classification*, available at https://www.bop.gov/policy/progs

7

tat/5100_008.pdf. Thus, Petitioner does not suffer any consequences from his section 922(g)(1) conviction that would "be remedied by granting the writ." *Fleming*, 146 F.3d at 90.

## C. Petitioner Has Not Sufficiently Shown There Are Circumstances So Compelling as to Warrant Relief

Even if Petitioner could show sound reasons for his delay or continuing legal consequences of his conviction, his claim would still fail. Petitioner has failed to establish circumstances so compelling as to warrant vacatur of his conviction.

The Constitution requires that pleas "be voluntary and intelligent." *Tineo v. United States*, 977 F. Supp. 245, 255 (S.D.N.Y. 1996) (quoting *United States v. Timmreck*, 441 U.S. 780, 785 (1979)). To establish that a writ of coram nobis is necessary to achieve justice, a petitioner must show that "his plea was infected with a fundamental error 'which inherently result[ed] in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" *Tineo*, 977 F. Supp. at 255 (quoting *Timmreck*, 441 U.S. at 785). A petitioner must also show "that he was prejudiced by the violation because he did not understand the consequences of his plea or that, if he had been properly advised, he would not have pled guilty." *Lucas v. United States*, 963 F.2d 8, 13 (2d Cir. 1992).

Petitioner contends that the trial court erred by failing to inform him that at trial, the Government would have to prove that he knew he was a "prohibited person" under section 922(g)(1). (*See* Pet. at 9–10.) As the Government concedes, the trial court's omission was an error. (Opp. at 8.); FRCP Rule 11(b)(1)(G) ("Before the court accepts a plea of guilty . . . the court must inform defendant of . . . the nature of each charge to which the defendant is pleading").

Petitioner's claim fails, however, because he is unable to show prejudice. Petitioner cites Fourth Circuit law in arguing that a *Rehaif* violation is a structural error requiring automatic relief without a showing of prejudice. *See United States v. Gary*, 954 F.3d 194, 202 (4th Cir. 2020).

8

However, Defendant's out of Circuit case-law is directly at odds with binding Second Circuit precedent which requires a showing of prejudice from a *Rehaif* violation. *See Bryant*, 976 F.3d at 176–77 (collecting cases).

Petitioner's bald assertions that he would not have pleaded guilty if the court had informed him of the Government's obligation are insufficient to show prejudice. *Id.* at 174 ("[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded."). Petitioner does not argue that the Government would have had significant difficulty proving to a jury that he knew he had been convicted of a prior felony, such that he would have proceeded to trial if properly instructed. *See id.* As detailed above, there is no evidence that the Government would have faced significant challenges at trial in proving that Petitioner knew of his felony status. *See* Section III(A)(b). Without a showing of prejudice, Petitioner's claim fails.

## IV. CONCLUSION

Petitioner has not met his burden for a writ of coram nobis. Moreover, his petition is untimely. The petition for a writ of coram nobis to vacate the conviction, (ECF No. 19), is therefore DENIED. The Clerk of Court is directed the close the open Motion to Request Judicial Notice Regarding a Request for Writ of Coram Nobis at ECF No. 32.

Dated: September 22, 2025
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge